UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRITZNER JUNIOR AUGUSTIN,<br><br>Petitioner,<br><br>v.<br><br>OTAY MESA DETENTION CENTER,<br><br>Respondent. | Case No. 26-cv-2406-JES-BLM<br><br>**ORDER DISMISSING PETITION WITHOUT PREJUDICE**<br><br>**[ECF No. 1]** |

Before the Court is *pro se* Petitioner Fritzner Junior Augustin's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1.

Petitioner is a native of Haiti who is currently being detained at Otay Mesa Detention Center. ECF No. 1. He claims to have been detained now for over 3 months, with no likelihood of release in his future. *Id.*

Upon consideration of a habeas petition under § 2241, the court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false." *Kourteva v. I.N.S.*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) (citing *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990)).

26-cv-2406-JES-BLM

Here, the only fact that Petitioner has presented to the Court is long how he has been detained for. In *Zadvydas*, the Supreme Court held that when the government is unable to remove an alien within 90 days, the alien may seek review of the reasonableness of their continued detention under the due process clause through petition for writ of habeas corpus. 533 U.S. at 687. The Court instructed habeas courts to analyze whether continued detention beyond the 90-day period "exceeds a period reasonably necessary to secure removal," based on "the [removal detention] statute's basic purpose, namely, assuring the alien's presence at the moment of removal." *Id.* at 699. The Court has held that it is presumptively reasonable for the government to detain an alien for a period of 6 months while it works to effectuate his removal after issuing a final order of removal against him. *Id.* at 701. Beyond that period, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute" and grant the petition for writ of habeas corpus. *Id.* at 699-700.

The Court is missing crucial information from the Petitioner in order to evaluate his claims of prolonged detention.  For example, Petitioner does not indicate how he entered the United States in the first place, whether he was ever given any parole, the manner under which he was detained, or what stage his removal proceedings are currently at and whether he is subject to a final order of removal. Without more information, the Court cannot find that he states a claim in his petition as it stands.

For the reasons discussed above, the Court **DENIES** the Petition without prejudice, which means Petitioner is not barred from filing future Petitions with further information which could support a claim. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: April 21, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge

26-cv-2406-JES-BLM